(No. 2471—

BOARD OF SCHOOL INSPECTORS OF THE CITY OF PEORIA, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

H. D. MORGAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant operates three cafeterias for the benefit of students attending its schools; same being operated at cost and not for profit. Under directions of the Director of Finance of the Department of Finance of the State of Illinois, it paid a Retailers' Occupation Tax of two per cent (2%) on the sales of food made in these cafeterias; the payments being as follows:

| | |
|---|---:|
| October 12, 1933 | $ 67.41 |
| November 10, 1933 | 72.90 |
| December 10, 1933 | 71.78 |
| January 10, 1934 | 51.57 |
| Total | $263.66 |

In February, 1934 the Department of Finance issued Special Rule No. 81, whereby the claimant was advised that ''Cafeterias operated by public school boards are held not to be engaged in the business of selling tangible personal property at retail, within the meaning of the Illinois Retailers' Occupation Tax Act.''

A claim for refund was filed by claimant with the Department of Finance on or about the 27th day of March 1934, and the claim was allowed and a credit memorandum for the full amount of refund was issued by that department. This credit memorandum was in the usual form and could not be cashed and could only be used for payment of further taxes. It was, therefore, of no value to claimant and as the department has no funds available to make a cash refund, claimant must seek its redress in this court. The Act under which this tax was paid provides as follows:—

"If it shall appear that an amount of tax penalty or interest has been paid which was not due, under the provisions of this Act, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this Act, from the person who made the erroneous payment, *or such amount shall be refunded to such person by the department.* Section 6 of Retailers' Occupation Tax Act. Cahill's Ill. Revised Statutes. Chap. 120, Sec. 431."

"The tax levied by the Retailers' Occupation Tax Act is an occupation tax and not a property tax. The tax is paid for the privilege of engaging in the occupation of a retailer of tangible personal property. *Reif* vs. *Barrett*, 355 Ill. 104."

It appears, as a matter of fact, that the cafeterias in question are not engaged in the business of selling tangible personal property at retail, but merely in supplying students who attend the schools with food at a cost price. As no tax was due and as the Department of Finance has indicated that fact by issuing credit memo, which in itself evidences the justness of claimant's claim, but which cannot be cashed because of no appropriation, an award is proper and claimant is legally entitled thereto. The issuance of a voucher in payment of such an award, however, should be conditioned upon the surrender to the Department of Finance for cancellation of the credit memo. heretofore issued by it.

The claim is allowed and an award made in the sum of $263.66.